**UNITED SETATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

| | |
|---|---|
| **CHRISTOPHER A. CHAPMAN,**    )<br>**Plaintiff**    )<br>    )<br>**v.**    )<br>    )<br>    )<br>**RICHARD H. KREAM,**    )<br>**d/b/a Kream & Kream, Attorneys at Law,**  )<br>    **Defendant**    ) | **Civil No.** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was

enacted by Congress in response to the "abundant evidence of the use of abusive,

deceptive, and unfair debt collection practices by many debt collectors."  15 U.S.C.

§1692(a).  Congress found that these practices "contribute to the number of personal

bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual

privacy.  *Id.*  It further found that "[e]xisting laws and procedures for redressing these

injuries are inadequate to protect consumers."  15 U.S.C. §1692(b).

In addition, the Massachusetts Attorney General has promulgated regulations

designed to "establish standards, by defining unfair or deceptive acts or practices

[prohibited under G.L. c. 93A], for the collection of debts from persons within the

Commonwealth of Massachusetts."  209 CMR 18.01.

In this action, plaintiff seeks damages resulting from actions taken by defendant

in causing warrants for plaintiff's arrest to be issued, and in causing plaintiff to be

threatened with arrest, even though he was in full compliance with agreements reached

with defendant concerning the repayment of consumer debts and had been assured that no

such actions would occur.

## Parties

1.  Plaintiff Christopher A. Chapman is an individual who at relevant times resided in

Cambridge, Massachusetts.

2.  Defendant Richard H. Kream is an individual who at relevant times was an attorney

engaged in the practice of consumer debt collection.  He is the owner and principal of the

law firm which conducts business under the name of Kream and Kream, a sole

proprietorship located in East Weymouth, Massachusetts.  At all relevant times defendant

and defendant's employees were "debt collectors" within the meaning of 15 U.S.C.

§1692a(6) and 209 CMR 18.01 and were engaged in trade or commerce in

Massachusetts.

## Jurisdiction and Venue

3.  Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has

subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28

U.S.C. §1337.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367

to hear and adjudicate plaintiff's claims arising under state law.

4.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Factual Allegations

5.  In or about April 16, 2008, defendant filed two small claims actions against plaintiff in

the Cambridge District Court, each based on a credit card debt incurred primarily for

personal, household, or family purposes allegedly owed by plaintiff to Atlantic Credit &

Finance Inc.

6. On July 24, 2008, judgment entered in favor of Atlantic on both actions.

7. In the fall of 2008, plaintiff appeared at court for a scheduled payment conference. At that time he was not able to commit to any meaningful payment arrangement since he was a full-time school. Each case was continued to March 26, 2009.

8. Plaintiff called defendant's office on March 19, 2009, and reached an agreement to pay $100/month to be applied to one of the judgments, and when that was paid off, to continue paying $100/month to be applied to the second judgment. Defendant's employee told plaintiff he would not need to appear in Court on March 26, and sent plaintiff letters dated March 19, 2009, stating that the payment conference was being rescheduled to June 25, 2010 due to plaintiff's entering into the payment agreement.

9. Despite the above facts, on March 26, 2009, the Court issued warrants for plaintiff's arrest because he did not appear on that day.

10. Upon being notified by the Court that arrest warrants were issued, plaintiff called defendant's office. Plaintiff was told that it was a mistake and that he should simply keep paying and not worry about it.

11. On or about June 15, 2009, plaintiff received a mailing from a constable containing an arrest warrant. The warrant stated that plaintiff would have to appear in court at 8:30 a.m. on June 19, 2009, or be arrested. Plaintiff became extremely frightened and distressed, and immediately called the constable's office. The constable indicated that the matter was outside of his control and that plaintiff should called defendant. Plaintiff was told by defendant's employee that the warrant was served "by accident" and that he "shouldn't worry about it."

3

12.  Plaintiff paid the first judgment sooner than expected, and in August, 2009, began paying $100 per month toward the second judgment.

13.  Plaintiff received two letters from defendant dated January 25, 2010.  One letter stated that Atlantic would be willing to settle the second debt for approximately one-half of the judgment amount.  The second stated that the Court had issued a warrant for plaintiff's arrest.  Plaintiff against became extremely frightened and distressed, and immediately called defendant.  Defendant's employee stated to plaintiff in an aggressive tone of voice that warning letters had been sent to plaintiff every month.  When plaintiff responded that he never received any such letter, defendant's employee implied that plaintiff was lying, stating sarcastically, "Everyone says the same thing."

14.  Even though it was financially difficult for him to do so, plaintiff accepted the lump-sum settlement offer in order to minimize the chance of any further "surprises" from defendant.

## COUNT I

15.  The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

16.  Defendant told plaintiff he would not have to appear in the Cambridge District Court on March 26, 2009.  Nonetheless, defendant caused the Cambridge District Court to issue two warrants for plaintiff's arrest on March 26, 2009.

17.  Defendant violated G.L. c. 93A, §2, because he attempted to collect debts in an unfair, deceptive, or unreasonable manner in violation of G.L. c. 93, §49, because he used a false representation or deceptive means to collect or attempt to collect debts in violation of section 1692e(10) of the FDCPA, and because he acted unfairly and deceptively as set forth above.

18.  Defendant's unlawful conduct was willful or knowing in nature.

19.  As a result of defendant's unlawful conduct, plaintiff suffered severe emotional distress and mental anguish, resulting in headaches, loss of sleep, and distraction from daily activities.

20. On July 6, 2010, plaintiff sent defendant a formal demand for relief pursuant to G.L. c. 93A, section 9, which demand reasonably described the unfair and deceptive conduct complained of and injuries suffered.

21.  Defendant received plaintiff's demand for relief but did not make a reasonable written tender of settlement within 30 days of receipt.

22.  Defendant's failure to make a reasonable and timely written tender of settlement was in bad faith with knowledge or reason to know that his conduct violated G.L. c. 93A.

WHEREFORE, plaintiff prays for judgment of actual or statutory damages, whichever is greater; that actual damages be doubled or trebled; plus interest, costs, and reasonable attorney's fees.

## COUNT II

23.  The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

24.  Defendant forwarded the capiases issued by the Court on March 26, 2010, to a constable knowing or having reason to know that plaintiff would be threatened with arrest if he did not appear in court, even though plaintiff had entered into and was complying with a payment agreement.

25.  Defendant violated G.L. c. 93A, §2, because he attempted to collect debts in an unfair, deceptive, or unreasonable manner in violation of G.L. c. 93, §49, because he used a false representation or deceptive means to collect or attempt to collect debts in violation

5

of section 1692e(10) of the FDCPA, and because he acted unfairly and deceptively as set

forth above.

26.  Defendant's unlawful conduct was willful or knowing in nature.

27.  As a result of defendant's unlawful conduct, plaintiff suffered severe emotional

distress and mental anguish, resulting in headaches, loss of sleep, and distraction from

daily activities.

28. On July 6, 2010, plaintiff sent defendant a formal demand for relief pursuant to G.L.

c. 93A, section 9, which demand reasonably described the unfair and deceptive conduct

complained of and injuries suffered.

29.  Defendant received plaintiff's demand for relief but did not make a reasonable

written tender of settlement within 30 days of receipt.

30.  Defendant's failure to make a reasonable and timely written tender of settlement was

in bad faith with knowledge or reason to know that his conduct violated G.L. c. 93A.

        WHEREFORE, plaintiff prays for judgment of actual or statutory damages,

whichever is greater; that actual damages be doubled or trebled; plus interest, costs, and

reasonable attorney's fees.

### COUNT III

31.  The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

32.  Defendant's conduct of obtaining a warrant for plaintiff's arrest and sending plaintiff

the January 25, 2010 letter constituted conduct the natural consequence of which was to

harass, oppress, or abuse plaintiff in connection with the collection of a debt, all in

violation of section 1692d of the FDCPA.

33.  As a result of defendant's unlawful conduct, plaintiff suffered severe emotional distress and mental anguish, resulting in headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiff prays for a judgment of actual and statutory damages plus interest, costs, and reasonable attorney's fees.

## COUNT IV

34.  The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

35.  Defendant's conduct of obtaining a warrant for plaintiff's arrest and sending plaintiff the January 25, 2010 letter constituted a threat to take action which could not lawfully be taken, in violation of section 1692e(5) of the FDCPA.

36.  As a result of defendant's unlawful conduct, plaintiff suffered severe emotional distress and mental anguish, resulting in headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiff prays for a judgment of actual and statutory damages plus interest, costs, and reasonable attorney's fees.

## COUNT V

37.  The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

38.  Defendant's conduct of obtaining a warrant for plaintiff's arrest and sending plaintiff the January 25, 2010 letter constituted unfair or unconscionable means to attempt to collect a debt, in violation of section 1692f of the FDCPA.

39.  As a result of defendant's unlawful conduct, plaintiff suffered severe emotional distress and mental anguish, resulting in headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiff prays for a judgment of actual and statutory damages plus interest, costs, and reasonable attorney's fees.

## COUNT VI

40.  The allegations of paragraphs 1 – 14 and 32 - 39 are incorporated herein as if fully set forth.

41.  Defendant's conduct of obtaining a warrant for plaintiff's arrest and sending plaintiff the January 25, 2010 letter violated G.L. c. 93A, §2 because it constituted an unfair, deceptive, or unreasonable manner of attempting to collect a debt in violation of G.L. c. 93, §49, because it violated the FDCPA as aforesaid, and because it was unfair and deceptive.

42.  Defendant's unlawful conduct was willful or knowing in nature.

43.  As a result of defendant's unlawful conduct, plaintiff suffered severe emotional distress and mental anguish, resulting in headaches, loss of sleep, and distraction from daily activities.

44. On July 6, 2010, plaintiff sent defendant a formal demand for relief pursuant to G.L. c. 93A, section 9, which demand reasonably described the unfair and deceptive conduct complained of and injuries suffered.

45.  Defendant received plaintiff's demand for relief but did not make a reasonable written tender of settlement within 30 days of receipt.

46.  Defendant's failure to make a reasonable and timely written tender of settlement was in bad faith with knowledge or reason to know that his conduct violated G.L. c. 93A.

WHEREFORE, plaintiff prays for judgment of actual or statutory damages, whichever is greater; that actual damages be doubled or trebled; plus interest, costs, and reasonable attorney's fees.

## COUNT VII

47.  The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

48.  Defendant's statements to plaintiff as set forth in paragraph 13, above, constituted conduct the natural consequence of which was to harass, oppress, or abuse plaintiff in connection with the collection of a debt, all in violation of section 1692d of the FDCPA.

49.  As a result of defendant's unlawful conduct, plaintiff suffered severe emotional distress and mental anguish, resulting in headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiff prays for a judgment of actual and statutory damages plus interest, costs, and reasonable attorney's fees.

## COUNT VIII

50.  The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

51.  Defendant's statements to plaintiff as set forth in paragraph 13, above, constituted the use of a false representation or deceptive means to attempt to collect a debt in violation of section 1692e(10) of the FDCPA.

52.  As a result of defendant's unlawful conduct, plaintiff suffered severe emotional distress and mental anguish, resulting in headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiff prays for a judgment of actual and statutory damages plus interest, costs, and reasonable attorney's fees.

## COUNT IX

53.  The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

54.  Defendant's statements to plaintiff as set forth in paragraph 13, above, constituted the use of unfair or unconscionable means to collect or attempt to collect a debt in violation of section 1692f of the FDCPA.

55.  As a result of defendant's unlawful conduct, plaintiff suffered severe emotional distress and mental anguish, resulting in headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiff prays for a judgment of actual and statutory damages plus interest, costs, and reasonable attorney's fees.

## COUNT X

56.  The allegations of paragraphs 1 – 14 and 48 – 55 are incorporated herein as if fully set forth.

57.  Defendant's statements to plaintiff as set forth in paragraph 13, above, violated G.L. c. 93A, §2, because they constituted an unfair, deceptive, or unreasonable manner of attempting to collect a debt in violation of G.L. c. 93, §49, because they violated the FDCPA as aforesaid, and because they were unfair and deceptive.

58.  Defendant's unlawful conduct was willful or knowing in nature.

59.  As a result of defendant's unlawful conduct, plaintiff suffered severe emotional distress and mental anguish, resulting in headaches, loss of sleep, and distraction from daily activities.

60. On July 6, 2010, plaintiff sent defendant a formal demand for relief pursuant to G.L.

c. 93A, section 9, which demand reasonably described the unfair and deceptive conduct

complained of and injuries suffered.

61.  Defendant received plaintiff's demand for relief but did not make a reasonable

written tender of settlement within 30 days of receipt.

62.  Defendant's failure to make a reasonable and timely written tender of settlement was

in bad faith with knowledge or reason to know that his conduct violated G.L. c. 93A.

WHEREFORE, plaintiff prays for judgment of actual or statutory damages,

whichever is greater; that actual damages be doubled or trebled; plus interest, costs, and

reasonable attorney's fees.


**Plaintiff claims trial by jury.**


CHRISTOPHER A. CHAPMAN
By his attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
617-492-0522
kquat@quatlaw.com


11